F. A. BROWN, FOR HIMSELF AND ALL OTHER TAXPAYERS OF THE TOWN OF SYLVA, v. JAMES E. WALKER, TUCKASEEGEE AND SOUTHEASTERN RAILROAD COMPANY, DAN TOMPKINS, FORMERLY MAYOR; T. O. WILSON, SECRETARY AND TREASURER OF SYLVA, ET AL.

(Filed 21 June, 1924.)

**1. Municipal Corporations—Cities and Towns—Diversion of Funds—Railroads—Individual Liability.**

The action of the governing body of an incorporated town in taking money from its treasury for the payment of lands for a right of way of a proposed railroad as an inducement for it to make the town one of its *termini*, without legislative sanction or a vote of its citizens, is an unlawful appropriation of the town's funds, in the nature of a trespass, for which the individual members may be held personally liable in a proper action.

**2. Same—Limitations of Actions—Appeal and Error.**

And where, in such instances, the railroad company, through its agents, have participated in this manner in the unlawful appropriation of the town's funds, and the railroad accordingly has thereafter been built and is operating over the right of way thus acquired, the mere fact that the

trial court has dismissed the action as to the members of the municipal board participating in the commission of the wrongful act, under the plea of the statute of limitations, C. S., 443 (1), the correctness of this ruling not being appealed from, will not likewise or necessarily bar the action against the railroad company, under the same plea, under an alleged privity between them.

### 3. Same—Torts.

Where, in violation of duty, the municipal authorities of a town have wrongfully diverted its funds, without consideration moving to the town, by aiding in the building of a railroad, such breach of duty by the municipal authorities is a tort, for which any and all the participants, both the municipal authorities and the railroad participating therein and receiving the benefits therefrom, may be held jointly and severally liable.

### 4. Same—Trespass.

The statute of limitations, C. S., 443 (1), is properly restricted to unlawful acts done by a public officer, under color of his office, to the person and property of another, by violence of force, direct or imputed, and does not apply to a breach of official duty in reference to the officials of a town as employees thereof, in wrongfully diverting the funds of the town to a railroad company in acquiring a right of way for it.

CIVIL ACTION, tried before *Bryson, J.,* and a jury, at Fall Term, 1923, of JACKSON.

A very satisfactory statement, showing the nature of the controversy and the position of appellant as to the conduct of the trial, appears in the case on appeal, as follows:

This was a civil action, brought by the plaintiff on behalf of himself and other taxpayers of the town of Sylva against the appellant, Tuckaseegee and Southeastern Railway Company, James E. Walker, Blackwood Lumber Company, Inc., Dan Tompkins, Mayor; T. O. Wilson, Secretary and Treasurer; Claud Allison, F. N. McLain, George L. Painter, and C. Z. Candler.

The defendant James E. Walker and his associates, at the time referred to in the pleadings, had become the owners of a large boundary of timber in the upper end of Jackson County, and were proposing in the summer of 1920 to build a public-carrier railroad from some point on the Southern Railway Company's line up Tuckaseegee River to East LaPorte, a distance of some fourteen miles. At the time referred to, it had not been determined whether the starting point from said road should be Sylva, the county (site) of Jackson County, or Dillsboro, a town on the Southern, to the west of Sylva. The people of Sylva, in order to induce these parties to make Sylva the starting point for their road, about 12 July, 1920, held a mass-meeting, when the mayor and board of aldermen of the town of Sylva were present and in session, and passed the resolution appearing in the record, authorizing the town of Sylva to appropriate $5,000 for the purpose of purchasing rights of

way to be donated to the said Walker and his associates as an inducement to them to make Sylva the starting point for their said road.

The defendant James E. Walker was invited to attend said meeting; and thereafter, after the town had passed the resolution appearing in the record, he and his associates agreed that, by reason of said inducements, they would make the said town of Sylva the starting point for said road; and thereupon the said James E. Walker signed the agreement appearing in the record, binding himself to reimburse the said town of Sylva for any moneys that might be expended by them in payment for rights of way in case said railroad should not be built from the said town of Sylva. Thereafter, the said railroad was built, and from the time the same was completed, has been and is now being operated through Jackson County as a common carrier.

It appears from the testimony that the passage of said resolution and the donation therein called for, to be expended for rights of way, was the material inducement which caused the said Walker and his associates to determine upon the town of Sylva as the starting point for said road.

Such rights of way as were paid for by the town of Sylva were conveyed to the said James E. Walker, as trustee, and thereafter the same were conveyed by him to the defendant Tuckaseegee and Southeastern Railway Company, the appellant in this case.

The plaintiff was present and participated in the mass-meeting referred to. Neither the plaintiff nor any other citizen of the town of Sylva made objection to said appropriation; and thereafter — some twenty-two months after the money so donated had been expended and said railroad built—the plaintiff instituted this action, to wit, on 18 August, 1922. The defendants, the mayor and the board of aldermen, answered the complaint, and pleaded, among other things, the statute of limitations, as provided in subsection 1 of section 443 of the Consolidated Statutes, on the ground that if the donation of said money was an unauthorized act, such as was a trespass under color of office, and that, therefore, an action on account thereof must have been commenced within one year after the acts complained of.

The defendants, other than the defendants mayor and board of aldermen, duly filed their answer, and pleaded, among other things, the statute of limitations, as provided by subsection 1 of section 443 of the Consolidated Statutes, therein, and on the trial insisting that if the appropriation of said money by the defendants mayor and board of aldermen of the town of Sylva was a trespass under color of office, and, therefore, barred by the one-year statute of limitations, as provided in said section of Consolidated Statutes, the said defendants were in like manner entitled to avail themselves of such plea of the statutes, for that

they accepted the rights of way purchased with the money so donated as an inducement to make the said town of Sylva the starting point for their said railroad, and for that they were in privity with the defendants mayor and board of aldermen.

At the conclusion of the evidence, on motion of the defendants, James E. Walker and Blackwood Lumber Company, Inc., his Honor sustained a nonsuit as to them, whereupon his Honor directed a verdict in favor of the defendants, mayor and board of aldermen, on the plea of the statute of limitations, and thereupon directed a verdict against the defendant, Tuckaseegee and Southeastern Railway Company, on said statute of limitations, to which said charge the defendant Tuckaseegee and Southeastern Railway Company excepted.

Upon the conclusion of the trial it was agreed in open court that his Honor might find certain of the facts and render his findings and judgment out of term and outside of Jackson County; whereupon, to wit, on 7 January, 1924, he filed in the office of the clerk of the Superior Court ·of Jackson County the findings and judgment appearing in the record.

That among the pertinent facts found by his Honor pursuant to the agreement of the parties are the following:

"Ninth: That, pursuant to said resolution, the board of aldermen of the town of Sylva, during the months of July, August, September, and October, 1920, diverted the said sum of $5,000 from the treasury of said municipality and from the public funds thereof, and expended or caused the same to be expended in the purchase of rights of way necessary for the construction of a railroad from the line of the Southern Railway, near Sylva, to the Tuckaseegee River, making such expenditures in accordance to the resolution aforesaid, and duly assigned the same to James E. Walker, as trustee, or caused them to be executed to him in such capacity.

"Tenth: That the said James E. Walker, as trustee, in turn, assigned said rights of way so secured, and paid for the 'Tuckaseegee and Southeastern Railway Company,' which immediately entered upon the construction of said railroad, and continued in the construction thereof until the same was completed from Sylva to East LaPorte, some time less than one year prior to the institution of this action, on 18 August, 1922.

"Eleventh: That in passing said resolution and applying said sum of $5,000 to the purchase of the said rights of way and assigning the same to James E. Walker, trustee, the board of aldermen were acting without authority of any special act of the Legislature and without submitting the same to a vote of the qualified voters of the town of Sylva, and the said sum was not expended for a public necessity.

"Twelfth: That the donation of the said rights of way was a material inducement to the Tuckaseegee and Southeastern Railway Company to build its railroad from the said town of Sylva and not from some other point.

"Thirteenth: That the act of the said aldermen in the purchase of the said rights of way, and their assignment, was, without consideration, paid to them by the defendants Walker or the Tuckaseegee and Southeastern Railway Company or the Blackwood Lumber Company, or any one for them, being a donation.

"Fourteenth: That benefits may be said to have accrued to the business interest situated in the town of Sylva in the sense of individual benefit, not municipal, by the construction of said road.

"Fifteenth: That the defendant, the Blackwood Lumber Company, never did at any time have any connection with any of the acts of its codefendants in reference to the purchase of said rights of way, and has not now any interest in or connection with the same.

"Sixteenth: That James E. Walker, individually, has now no interest. in said rights of way, other than as an officer of, and stockholder in, the Tuckaseegee and Southeastern Railway Company, a corporation.

"Seventeenth: That on 3 July, 1922, plaintiff made demand, in writing, of the board of aldermen that they institute action for the recovery of said money.

"Eighteenth: That the board of aldermen, at a meeting on 6 July, 1922, passed a resolution declining to institute said action as demanded by plaintiff.

"Nineteenth: That the Tuckaseegee and Southeastern Railway Company, when it accepted the assignment of the said rights of way, had full knowledge of all the acts of its codefendants in connection therewith and the procurement thereof."

In addition, and on questions reserved for the jury, the following verdict was rendered:

1. Is the plaintiff's right of action as against Dan Tompkins, mayor; T. O. Wilson, secretary and treasurer; Claud Allison, F. N. McLain, George L. Painter, and C. Z. Candler, aldermen, barred by the statute of limitations, C. S., subsec. 1, sec. 443? Answer: Yes.

2. Is the plaintiff's right of action against the Tuckaseegee and Southeastern Railway Company barred by the statute of limitations, C. S., subsec. 1, sec. 443? Answer: No.

Upon this verdict and the facts found by the court, pursuant to said agreement, there was judgment that the former mayor and board of aldermen go without day, and plaintiff recover of the railroad company $5,000, with interest, to be paid into the office of clerk Superior Court, and by him paid into the town treasury.

The defendant railroad company excepted and appealed, assigning for error chiefly that the court ruled that the appellant was not protected by the one-year statute of limitations, C. S., sec. 443, clause 1, the same which had been made available for its codefendants, the former mayor and board of aldermen.

*Walter E. Moore, S. Brown Shepherd, and Sutton & Stillwell for plaintiff.*
*Alley & Alley for defendant.*

HOKE, C. J. The defendants, the former mayor and board of aldermen, having been exonerated by the verdict and judgment below, and the result not being questioned by appeal or any exception noted, it is not necessary or desirable to dwell at any length on the rule and extent of liability of these defendants, nor to the statutes of limitations applicable as to them, which may vary in different cases according to the form of action and the nature of the default charged against them. Considering the record, then, as to the liability of the railroad company, appellant, it appears that in the latter part of 1920, under a formal resolution of the board of aldermen, public funds of the town of Sylva, a municipal corporation, were wrongfully taken from the treasury of the corporation and applied to the purchase of certain rights of way for the railroad company, a private enterprise, without any vote of the people and without any statute authorizing said expenditure, and that the defendant, the railroad company, through its agents and representatives, suggested and aided in such course, obtained the rights of way with full notice and knowledge of the wrongful appropriation of these funds, and is now in the use and enjoyment of these rights of way so purchased and procured. Being entirely without warrant of law, and knowingly and wilfully done, authority is to the effect that the funds may be recovered by action against the individuals composing the old board, who are responsible and participated in the misappropriation, against others who aided and abetted them in the wrong, and more especially against those who, having been aiders and abettors, are now enjoying the benefits of the same. *Ketchie v. Hedrick,* 186 N. C., 392; *Aldrich v. Bank,* 176 U. S., 618; *Hope v. City of Alton,* 214 Ill., 102; *People v. Fields,* 58 N. Y., 491; *Hill Dredging Company v. Venton City,* 77 N. J. Eq., 467; *Jones v. Comrs. of Lucas County,* 57 Ohio State, 189; *Tuxera v. Jonesboro,* 83 Ark., 275; 19 R. C. L., p. 928, note under sec. 229; 19 R. C. L., p. 1142, secs. 418 and 1167, sec. 441; 28 Cyc., p. 469. And the decisions hold further that when the officials of the corporation refuse or, being thereto required, neglect to sue, action for the funds may be maintained by resident taxpayers for the

benefit of the municipality. *Waddill v. Masten,* 172 N. C., 582; *Tukey v. Omaha,* 54 Neb., 370; 19 R. C. L., 1169, *supra.* In the *Waddill case* it is suggested as the better course that the officials of the corporation entitled to the care and custody of the funds in question should be made a party to the suit by taxpayers, but this matter is sufficiently and perhaps properly guarded in the present instance by incorporating in the judgment that the money recovered be paid into the clerk's office for the use of the proper authorities of the town. These principles are not seriously contested by counsel; in fact, liability for the default as a basic proposition is admitted in appellant's brief. As we understand the argument, however, it is insisted for appellant that the board of aldermen having been exonerated by verdict and judgment, the railroad is thereby relieved on account of an alleged privity between them. 2d. That appellant is protected by the same statutes of limitations that has been adjudged a protection for its codefendant (C. S., sec. 443, subsec. 1), and by which an action is barred in one year "against a public officer for a trespass under color of his office," but, in our opinion, neither proposition can be maintained. As to the first, the default imputed here is for a pronounced breach of public duty, wilfully and knowingly committed, and constitutes a tort. True, in certain instances, the tort may be waived and the injured party be allowed to sue in contract, but the breach of duty is none the less a tort, for which any and all the participants may be held severally liable for the whole amount, and under these circumstances there is no such privity recognized as will render the exoneration of one a protection to the other. *Stevens et al. v. Smathers,* 124 N. C., 571; *Raulf v. Light Co.,* p. 176 N. C., 691; *Hipp v. Farrell,* 169 N. C., 551, 554; *Hough v. R. R.,* 144 N. C., 692; *Banking and Trust Company v. Boone,* 102 Ga., 202; Cooley on Torts (3 ed.), 223-254; Hale on Torts, 124; 6 Cyc., 683, 684. And as to the effect of the statute cited, we are clearly of opinion that the same has no application to a case of this character. True, in its more general sense, a trespass is sometimes said to include any wrongful invasion of the rights of another, but in its more natural and usual meaning it is properly restricted to unlawful acts done to the person or property of another by violence or force, direct or imputed. 28 Am. & Eng. Cyc. (2 ed.), 551. It is to acts of trespass in this sense that the one-year statute of limitations applies—that is, a trespass committed by a public officer under color of his office and constituting a wrongful invasion of the rights of third persons by force shown or imputed, and the statute does not and was never intended to apply to a breach of official duty in reference to the principal and employer—in this case the municipality. Such an interpretation would enable public officials to misapply public money *ad*

*libitum,* and by keeping same secret for the one year, which they could usually do, entirely escape a reckoning, except by indictment for crime. It is not necessary to determine what is the specific statute applicable, which, as heretofore stated, may vary according to the form of action or the nature of the default, and which might be either the three-years statute, C. S., sec. 441, subsecs. 1 and 2, or if not included in either of those, the ten-years statute, section 445; but we are well assured that the statute relied upon, section 443, has no application; and the suit having been instituted in August, 1922, within three years, the defendants are not protected.

We find no reversible error in the record, and the judgment below is Affirmed.