LOUIS E. RAINES v. BRUCE WARREN THOMPSON AND INGLES MARKETS, INCORPORATED v. NANTAHALA POWER AND LIGHT COMPANY

No. 8230SC814

(Filed 21 June 1983)

**Appeal and Error § 6.2— appeal from motion to dismiss and motion to strike—premature**

　　　Defendant's appeal was premature since no appeal lies as a matter of right from the denial of a Rule 12(b)(6) motion or a motion to strike portions of pleadings pursuant to Rule 12(f). Further, the third party defendant had attempted to appeal from an order which did not involve plaintiff's claim against the original defendants, and to allow such an appeal would frustrate plaintiff's efforts to pursue his claim when he is not involved in the controversy between the original defendants and the third party defendant.

APPEAL by third party defendant from *Thornburg, Judge.* Order entered 13 July 1982 in Superior Court, JACKSON County. Heard in the Court of Appeals 19 May 1983.

This is a civil action wherein plaintiff seeks to recover damages for personal injuries which allegedly resulted when he was struck by a motor vehicle driven by defendant Thompson and owned by defendant Ingles Markets, Inc. These defendants filed an answer denying any liability to plaintiff and, as third party

plaintiffs, filed a third party complaint against Nantahala Power and Light Co. (Nantahala) as third party defendant for "contribution." Nantahala, as third party defendant, filed an answer to the third party complaint praying that the third party complaint be dismissed and that the third party plaintiffs recover nothing of Nantahala. In its answer, Nantahala moved that the third party complaint be dismissed "[p]ursuant to Rule 12(b)" on the grounds that "this Court lacks jurisdiction over the person of this defendant and for failure of the third party complaint to state a claim upon which relief can be granted in favor of the third party plaintiffs, and on the grounds that the joinder of this third party defendant is improper and violates the provisions of G.S. 97-10.2 subsection (e)." As a second defense, Nantahala moved to strike certain portions of the third party complaint.

Judge Thornburg entered an order denying the third party defendant's motion to dismiss and motion to strike and *ex mero motu* entered an order severing the third party action from plaintiff's action against defendants Thompson and Ingles Markets, Inc. Third party defendant Nantahala appealed.

*VanWinkle, Buck, Wall, Starnes and Davis, by Philip J. Smith, for third-party plaintiffs.*

*Morris, Golding and Phillips, by James Golding, for third-party defendant.*

WELLS, Judge.

Apparently conscious of the fact that this appeal is subject to dismissal, third party defendant first argues in its brief that "[t]his appeal is brought pursuant to the provisions of G.S. 1-277(a) and G.S. 7A-27(d)(1), both of which statutes permit an appeal from an interlocutory order which affects a substantial right." No appeal lies as a matter of right from the denial of a Rule 12(b)(6) motion or a motion to strike portions of pleadings pursuant to Rule 12(f). *State v. Fayetteville Street Christian School,* 299 N.C. 351, 261 S.E. 2d 908, *appeal dismissed,* 449 U.S. 807, 101 S.Ct. 55, 66 L.Ed. 2d 11 (1980); *O'Neill v. Southern National Bank,* 40 N.C. App. 227, 252 S.E. 2d 231 (1979); *Godley Auction Co. v. Myers,* 40 N.C. App. 570, 253 S.E. 2d 362 (1979). This is because no final judgment is involved in such a denial and the movant is not deprived of any substantial right that cannot be protected by a

timely appeal from a final judgment which resolves the controversy on its merits. *Id.*

Moreover, the third party defendant here has attempted to appeal not only from interlocutory orders, but from an order which does not involve plaintiff's claim against the original defendants. To allow such an appeal could and would successfully frustrate plaintiff's efforts to pursue his claim when he is not involved in the controversy between the original defendants and the third party defendant. *Compare Lamb v. Wedgewood South Corp.*, 308 N.C. 419, --- S.E. 2d --- (filed 31 May 1983).

This appeal is

Dismissed.

Judges HEDRICK and PHILLIPS concur.