DAVID T. FLAHERTY AND TOM HANNON v. JAMES B. HUNT, JR. AND JAMES G. MARTIN, GOVERNOR

No. 8510SC818

(Filed 15 June 1986)

1. **Appeal and Error § 6— interlocutory order—issue of public importance—consideration of appeal on merits**

   The appellate court exercised its discretion to determine on the merits an appeal from an interlocutory order denying a motion to dismiss for failure to state a claim where a decision of the principal question presented would expedite the administration of justice and the case involves a legal issue of public importance.

2. **Public Officers § 10— former governor—alleged misuse of State aircraft—no right of action by taxpayers**

   Citizens and taxpayers have no standing to bring an action against a former governor to recover damages for the alleged misuse of State aircraft while in office, the exclusive right to bring such an action having been given to the Attorney General by N.C.G.S. § 143-32.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 20 March 1985 in WAKE County Superior Court. Heard in the Court of Appeals 10 March 1986.

The pertinent procedural history of this case shows that plaintiffs, citizens and taxpayers, brought this action seeking injunctive relief and monetary damages against defendant Hunt for wrongful use of State property while Hunt was serving as Governor. Plaintiffs alleged, *inter alia*, that Hunt had used State-owned aircraft for political campaign purposes without properly reimbursing the State for the use of the aircraft. Defendant Hunt answered, denying the essential allegations in plaintiffs' complaint and moved to dismiss for failure to state a claim upon which relief could be granted. Plaintiffs subsequently voluntarily dismissed their claim for injunctive relief, leaving only their claim for monetary damages. After defendant Hunt left office, James G. Martin, now Governor, was added as a party defendant.

Defendant Hunt's motion to dismiss was denied by Judge Bailey and defendant Hunt appealed to this Court. Subsequently, plaintiffs have moved this Court to dismiss Hunt's appeal as being interlocutory.

*Harrell, Titus & Wright, by Richard C. Titus, for plaintiffs-appellees.*

*Kirby, Wallace, Creech, Sarda & Zaytoun, by John R. Wallace; and Kimzey, Smith, McMillan & Roten, by Russell W. Roten, for defendant-appellant.*

WELLS, Judge.

[1] The threshold question we must decide is whether this appeal should be dismissed. Ordinarily, a denial of a N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) motion to dismiss for failure to state a claim is an interlocutory order from which no immediate appeal may be taken. *State v. School*, 299 N.C. 351, 261 S.E. 2d 908, *aff'd on rehearing*, 299 N.C. 731, 265 S.E. 2d 387, *appeal dismissed*, 449 U.S. 807, 101 S.Ct. 55, 66 L.Ed. 2d 11 (1980); *Raines v. Thompson*, 62 N.C. App. 752, 303 S.E. 2d 413 (1983) and cases cited therein. This is because no final judgment is involved in such a denial and the movant is not deprived of any substantial right that cannot be protected by a timely appeal from a final judgment which resolves the controversy on its merits. *State v. School, supra.* Nevertheless, where a decision of the principal question presented would expedite the administration of justice, *Stanback v. Stanback*, 287 N.C. 448, 215 S.E. 2d 30 (1975); *Consumers Power v.*

*Power Co.*, 285 N.C. 434, 206 S.E. 2d 178 (1974), or where the case involves a legal issue of public importance, *Moses v. Highway Commission*, 261 N.C. 316, 134 S.E. 2d 664, *cert. denied*, 379 U.S. 930, 85 S.Ct. 327, 13 L.Ed. 2d 342 (1964), appellate courts may exercise their discretion to determine such an appeal on its merits. This is an appropriate case for the exercise of such discretion. We therefore deny plaintiffs' motion to dismiss the appeal and proceed to a determination on the merits.

[2]  This action being one by citizens and taxpayers to recover monetary damages from a State officer for misuse of State property while in office, the dispositive question to be decided is whether this State recognizes or should allow such an action to be maintained. We answer that question in the negative and reverse the judgment of the trial court.

Our Supreme Court has historically recognized two forms or types of taxpayer actions against public officers or officials: one, actions for injunctive relief against both State and local officers, and two, actions to recover funds wrongfully expended or received by local officers. Cases typical under category one are: *Hughey v. Cloninger*, 297 N.C. 86, 253 S.E. 2d 898 (1979), an action to restrain county officers from using public funds for support of a non-public school for dyslexic children; *Lewis v. White*, 287 N.C. 625, 216 S.E. 2d 134 (1975), an action to restrain the construction of the State Art Museum; *Styers v. Phillips*, 277 N.C. 460, 178 S.E. 2d 583 (1971), an action to enjoin use of public funds for busing municipal school students; *Rider v. Lenoir County*, 236 N.C. 620, 73 S.E. 2d 913 (1953), an action to restrain use of public funds to construct a hospital; *Teer v. Jordan*, 232 N.C. 48, 59 S.E. 2d 359 (1950), an action to restrain use of State road bond funds for purchase of road building machinery; *Hinton v. State Treasurer*, 193 N.C. 496, 137 S.E. 669 (1927), an action to restrain issuance of Veteran's Loan Fund bonds.

Examples of cases under the second category are: *Horner v. Chamber of Commerce*, 231 N.C. 440, 57 S.E. 2d 789 (1950), an action to recover municipal funds unlawfully paid to a chamber of commerce; *Hill v. Stansbury*, 223 N.C. 193, 25 S.E. 2d 604 (1943), an action to recover salary paid to a county treasurer; *Moore v. Lambeth*, 207 N.C. 23, 175 S.E. 714 (1934), an action to recover municipal funds expended for repair to a city incinerator; *Brown*

*v. R.R.*, 188 N.C. 52, 123 S.E. 633 (1924), an action to recover municipal funds used to purchase railroad right-of-way; *Waddill v. Masten*, 172 N.C. 582, 90 S.E. 694 (1916), an action to recover fees collected by a register of deeds. We note that since the enactment of Chapter 80 of the Public Laws of North Carolina in 1913, formerly Consolidated Statute 3206, now codified as N.C. Gen. Stat. § 128-10 (1981), such actions against municipal officers are statutory, the statute providing the basis for the action as well as procedural requirements. N.C. Gen. Stat. § 128-10 reads as follows:

> *Citizens to recover funds of county or town retained by delinquent official.* When an official of a county, city or town is liable upon his bond for unlawfully and wrongfully retaining by virtue of his office a fund, or a part thereof, to which the county, city or town is entitled, any citizen and taxpayer may, in his own name for the benefit of the county, city or town, institute suit and recover from the delinquent official the fund so retained. Any county commissioners, aldermen, councilmen or governing board who fraudulently, wrongfully and unlawfully permit an official so to retain funds shall be personally liable therefor; any citizen and taxpayer may, in his own name for the benefit of the county, city or town, institute suit and recover from such county commissioners, aldermen, councilmen, or governing board, the fund so retained. Before instituting suit under this section, the citizen and taxpayer shall file a statement before the county commissioners, treasurer, or other officers authorized by law to institute the suit, setting forth the fund alleged to be retained or permitted to be retained, and demanding that suit be instituted by the authorities authorized to sue within 60 days. The citizen and taxpayer so suing shall receive one-third part, up to the sum of five hundred dollars ($500.00), of the amount recovered, to indemnify him for his services, but the amount received by the taxpayer and citizen as indemnity shall in no case exceed five hundred dollars ($500.00).

We have found no case in which our appellate courts have recognized the right of a taxpayer to sue a *State* officer or official for monetary damages for the wrongful or unlawful use or disposition of State funds or property. On the other hand, the General Assembly has established a statutory method for addressing such

problems through the enactment of N.C. Gen. Stat. § 143-32 (1983) which reads as follows:

> *Person expending an appropriation wrongfully.* (a) Any trustee, director, manager, building committee or other officer or person connected with any institution, or other State agency as herein defined to which an appropriation is made, who shall expend any appropriation for any purpose other than that for which the money was appropriated and budgeted or who shall consent thereto, shall be liable to the State of North Carolina for such sum so spent and the sum so spent, together with interest and costs, shall be recoverable in an action to be instituted by the Attorney General for the use of the State of North Carolina, which action may be instituted in the Superior Court of Wake County, or any other county, subject to the power of the court to remove such action for trial to any other county, as provided in G.S. 1-83, subdivision (2).
>
> (b) Any member or members of any board of trustees, board of directors, or other controlling body governing any of the institutions of the State, or any officer, employee of, or person holding any position with any of the institutions of the State, or other State agency as herein defined, who willfully acts to divert, use, or expend any funds appropriated for the use of said institution or agency, in a manner designed to circumvent the provisions of this section, including normal reversions of State funds, by failing to properly receive or deposit funds, or by the improper expenditure or transfer of funds for any purpose other than that for which the funds were appropriated and budgeted, shall be guilty of a misdemeanor, punishable by fine or imprisonment, or both, in the discretion of the court. All offenses against this section shall be held to have been committed in the County of Wake and shall be tried and disposed of in the General Court of Justice for Wake County. If such offender be not an officer elected by vote of the people, conviction of such offense shall be sufficient cause for removal from office or dismissal from employment by the Governor upon 30 days' notice in writing to such offender.

We hold that this statute provides the explicit and exclusive remedy for the recovery of damages alleged to have occurred as a

result of the alleged misuse of State aircraft by defendant Hunt in this action and that therefore plaintiffs lack standing to bring this action.

Plaintiffs cite authority from other states in support of their argument that we should recognize their right to bring this action. Such authority is unpersuasive in the light of the judgment of our General Assembly that in this State, the Attorney General is the proper person to pursue such a remedy on behalf of taxpayers and the State. Neither are we persuaded by plaintiffs' argument that since the General Assembly has provided for such taxpayer actions against local officials, reason requires us to recognize such an action against State officers. These are matters appropriate for legislative determination and not for our decision. In settling the record on appeal in this case, Judge Bailey made it clear that in denying defendant Hunt's Rule 12(b)(6) motion he considered *only* the pleadings and the record proper. The trial court did not consider nor do we consider any question concerning plaintiffs' remedies, if any, with respect to seeking or obtaining action by the Attorney General concerning the matters asserted by plaintiffs in their complaint.

For the reasons stated, the judgment of the trial court is reversed and this cause is remanded for entry of judgment dismissing plaintiffs' complaint.

Reversed and remanded.

Chief Judge HEDRICK and Judge MARTIN concur.