SHARON LYNN LOVELACE, Administratrix of the Estate of SHAYLA MEAGEN MOORE, and SHARON LYNN LOVELACE, Individually, Plaintiff-Appellee v. CITY OF SHELBY and THOMAS LOWELL LEE, Defendants-Appellants

No. COA01-1381

(Filed 15 October 2002)

**1. Appeal and Error— appealability—denial of motion for summary judgment—interlocutory order**

Defendant individual's appeal in a wrongful death and negligent infliction of emotional distress case from the denial of his motion for summary judgment is dismissed as an appeal from an interlocutory order because: (1) a substantial right is not affected; and (2) the claim against defendant individual does not involve doctrines of importance for public bodies and does not have compelling exigencies that require invocation of discretionary review in this case.

**2. Appeal and Error— preservation of issues—failure to raise issue at trial**

The Court of Appeals declined to consider plaintiff's motion to dismiss defendant city's appeal of the trial court's denial of defendant's N.C.G.S. § 1A-1, Rule 12(c) motion in a wrongful death and negligent infliction of emotional distress case based on plaintiff's failure to preserve this issue because: (1) N.C. R. App. P. Rule 10(b)(1) requires a party to timely present a question to the trial court in order to preserve it; and (2) this is the first time plaintiff has raised this issue.

### 3. Cities and Towns— public duty doctrine—911 operator

The trial court did not err in a wrongful death and negligent infliction of emotional distress case by denying defendant city's N.C.G.S. § 1A-1, Rule 12(c) motion to dismiss even though defendant contends the public duty doctrine prevents plaintiff from seeking recovery for the death of her minor child based on a 911 operator's alleged delay in calling the fire department to plaintiff's burning house, because: (1) the fact that the 911 operator was an actual police officer does not allow application of the public duty doctrine; and (2) the public duty doctrine is meant to provide protection to local law enforcement officials and the municipalities for which they work in a narrow set of circumstances that are not applicable to this case.

Appeal by defendants from order dated 22 May 2001 by Judge J. Gentry Caudill in Superior Court, Cleveland County. Heard in the Court of Appeals 21 August 2002.

> *Deaton & Biggers, P.L.L.C., by W. Robinson Deaton, Jr. and Brian D. Gulden; and Flowers, Martin & Moore, P.A., by Fred A. Flowers, for plaintiff-appellee.*

> *Stott, Hollowell, Palmer & Windham, LLP, by Martha Raymond Thompson and Heather Graham Conner, for defendant-appellant City of Shelby.*

> *Horn, Pack & Brown, P.A., by Becky J. Brown, for defendant-appellant Thomas Lowell Lee.*

McGEE, Judge.

Sharon Lynn Lovelace (plaintiff) filed a complaint on 5 November 1997, both as the representative of the estate of her deceased minor child, Shayla Meagen Moore (decedent), and individually, seeking damages from the City of Shelby and Thomas Lowell Lee (collectively defendants) for the wrongful death of decedent and for negligent infliction of emotional distress. Defendant Lee (Lee) filed an answer and motion to dismiss on 15 January 1998 pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). The next day, 16 January 1998, defendant City of Shelby (City of Shelby) also filed a motion to dismiss pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6). Plaintiff filed a motion to amend her complaint, which was granted on 11 March 1998. The trial court denied the City of Shelby's Rule 12(b)(6) motion to dismiss on 12 March 1998. The City of Shelby appealed the trial court's denial to our

Court on 8 April 1998. In an opinion filed on 1 June 1999, our Court reversed the trial court's denial of the City of Shelby's Rule 12(b)(6) motion to dismiss and remanded the case to the trial court for the entry of an order allowing the motion to dismiss. Judge Wynn dissented from the majority concerning the proper application of the public duty doctrine. Plaintiff appealed this Court's decision to the N.C. Supreme Court based on the dissent in the case. Our Supreme Court reversed the decision of this Court on 7 April 2000, holding that the City of Shelby's Rule 12(b)(6) motion should have been denied since the public duty doctrine did not apply in this case. The City of Shelby filed a petition for rehearing on 1 June 2000, which was denied by our Supreme Court on 15 June 2000.

The City of Shelby filed an answer in which it admitted that the 911 operator in question was employed as a police officer by the City of Shelby. Plaintiff's complaint alleged that the 911 operator was an employee of the City of Shelby Police Department, and for the purposes of a Rule 12(b)(6) motion, this allegation was taken as true by each of the courts reviewing the matter. *Block v. County of Person*, 141 N.C. App. 273, 275, 540 S.E.2d 415, 417 (2000) (citing *Lovelace v. City of Shelby*, 351 N.C. 458, 526 S.E.2d 652 (2000) (*Lovelace I*)).

Lee filed a motion for summary judgment on 4 April 2000. The City of Shelby filed a motion to amend its answer and a motion for judgment on the pleadings pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(c) on 5 April 2000. An order was entered 16 April 2001 allowing the City of Shelby to amend its answer. The only amendment the City of Shelby made to its answer was to add that its Police Department was administering the 911 system for the City of Shelby as part of its general duty to protect the public. An order was entered 22 May 2001 denying both the City of Shelby's Rule 12(c) motion to dismiss and Lee's motion for summary judgment. Defendants appeal from the trial court's order.

In an appeal from the denial of a motion to dismiss based on N.C.G.S. § 1A-1, Rule 12(c), except for conclusions of law, legally impossible facts, and matters not admissible at trial, we must take all of the non-moving party's allegations as true. *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974) (citations omitted). Further, in deciding Lee's appeal from the denial of his motion for summary judgment, "the evidence must be viewed in the light most favorable to the non-movant." *Dalton Moran Shook Inc. v. Pitt Development Co.*, 113 N.C. App. 707, 714, 440 S.E.2d 585, 590 (1994)

(citation omitted). Plaintiff alleges in her complaint that on or about 29 June 1996, plaintiff and her minor children, including decedent, resided at 706 Calvary Street, Shelby, North Carolina, in a house owned by Lee. Plaintiff also alleges Lee failed to install or maintain a fire detection system in plaintiff's home as required by his contract with the U.S. Department of Housing and Urban Development. The house was located approximately 1.1 miles from the closest City of Shelby fire station. A fire began inside plaintiff's home. Plaintiff exited the home with two of her three children; however, decedent did not follow them out. At least two people called the 911 emergency number to report the fire. A police department employee serving as the operator answered these calls, indicating that an emergency response would be forthcoming. While waiting for the fire department to arrive, decedent could be heard inside the house calling for her mother. Several attempts were made by bystanders and volunteer workers to enter the house, but the intensity of the flames prevented anyone from being successful. The police arrived at the scene before the fire department, but without equipment to fight the fire, they could not enter the house to attempt to rescue decedent. The fire department arrived at the scene at least ten minutes after the 911 calls were made. At some point after the 911 calls were made, and before the fire department arrived, decedent died. Plaintiff alleges she continues to have nightmares, flashbacks, and other post-traumatic symptoms as a result of hearing the cries of decedent in the burning house.

## I.

[1] Lee argues the trial court erred in denying his motion for summary judgment. However, the denial of a motion for summary judgment is an interlocutory order from which appeal generally cannot immediately be taken. *Schmidt v. Breeden*, 134 N.C. App. 248, 251, 517 S.E.2d 171, 174 (1999) (citing *Hill v. Smith*, 38 N.C. App. 625, 626, 248 S.E.2d 455, 456 (1978)). In order to immediately appeal the denial of a motion for summary judgment, the appealing party must show that the denial of the motion deprives the party of a "substantial right" which might be "lost, prejudiced, or less than adequately protected" absent review before a final judgment. *Murphy v. Coastal Physicians Grp., Inc.*, 139 N.C. App. 290, 294, 533 S.E.2d 817, 820 (2000) (citation omitted); *Dolton Moran Shook Inc.*, 113 N.C. App. at 710, 440 S.E.2d at 588 (citation omitted). Lee argues that the order at issue affects a substantial right but all he states in support of this contention is that:

[t]his case is one of significant public importance as evidenced by the procedural history. Defendant Lee is an elderly man and a party entitled to the expeditious administration of justice. In allowing this interlocutory appeal, the court would be exercising its proper discretion in placing him on the same footing as defendant City of Shelby[.]

Lee seems to be arguing that because he is elderly, he should therefore be entitled to an immediate appeal of the court's denial of his motion for summary judgment. While acknowledging that the rigors of trial could be greater on an elderly person than on someone of less advanced age, we have clearly stated that avoidance of a trial is not a substantial right that would allow immediate appeal from an interlocutory order. *Yang v. Three Springs, Inc.*, 142 N.C. App. 328, 330, 542 S.E.2d 666, 667 (2000) (citations omitted). Further, Lee seems to be arguing that we should allow his appeal since the City of Shelby is also appealing. However, this contention lacks merit. While Lee's case involves the same basic factual situation, the facts and issues of law that would determine his liability are completely disparate from the issues affecting the claims against the City of Shelby. *Hudson-Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 344, 511 S.E.2d 309, 312 (1999) ("Avoiding separate trials of different issues does not qualify as a substantial right . . . ."). Further, the substantial right of "avoidance of separate trials" is normally applied when the *same* party is trying to avoid two separate trials. *See id.* at 344-45, 511 S.E.2d at 312. In this case, Lee is arguing that he should be on the same footing with the City of Shelby, a completely different party. Assuming, *arguendo*, that this Court allows the City of Shelby to appeal the denial of its Rule 12(c) motion, Lee will not be prejudiced in any substantial right if he is not allowed to immediately appeal the denial of his summary judgment motion. We thus determine that Lee has no substantial right that would be "lost, prejudiced, or less than adequately protected" absent review before a final judgment. *Murphy*, 139 N.C. App. at 294, 533 S.E.2d at 820 (citation omitted).

Lee also urges this Court to allow his appeal under our discretionary review powers. While this Court has the power to allow such a discretionary review, "[s]uch discretion is not intended to displace the normal procedures of appeal, but inheres to appellate courts under our supervisory power to be used only in those rare cases in which normal rules fail to administer to the exigencies of the situation." *Stanback v. Stanback*, 287 N.C. 448, 453-54, 215 S.E.2d 30, 34

(1975) (citation omitted). Lee cites *Flaherty v. Hunt*, 82 N.C. App. 112, 345 S.E.2d 426, *disc. review denied*, 318 N.C. 505, 349 S.E.2d 859 (1986), in support of his request. *Flaherty* involved the appeal by a defendant from the denial of a Rule 12(b)(6) motion. *Id.* In *Flaherty*, this Court noted that no direct appeal was generally allowed from such an interlocutory order, and that the defendant was not deprived of a substantial right that could not be protected by a timely appeal from a decision on the merits. *Id.* at 113, 345 S.E.2d at 427. However, this Court stated that "where a decision of the principal question presented would expedite the administration of justice, or where the case involves a legal issue of public importance, appellate courts may exercise their discretion to determine such an appeal on its merits." *Id.* at 113-14, 345 S.E.2d at 427 (citations omitted). This Court determined that since *Flaherty* involved the alleged misuse of state property by a governor while in office, it was an appropriate case for the exercise of such discretion. *Id.* at 114, 325 S.E.2d at 427-28. In *Flaherty*, this Court did not specify whether it was relying on the "expedition of justice" or an "issue of legal importance" to exercise such discretion. However, this doctrine has also been applied to other situations appearing to involve the "public good," such as in *Bardolph v. Arnold*, 112 N.C. App. 190, 435 S.E.2d 109, *disc. review denied*, 335 N.C. 552, 439 S.E.2d 141 (1993) (concerning the liability of county officials for expenditures of county money), and *Block*, 141 N.C. App. 273, 540 S.E.2d 415 (concerning the liability of a city in a dispute involving a septic system).

Lee argues that this case is of "significant public importance" given the procedural history of the case. However, his reference is to the earlier appeal involving the City of Shelby and our appellate courts' interpretation of the public duty doctrine. *See Lovelace I*, 351 N.C. 458, 526 S.E.2d 652 (2000). The claim against Lee was not involved in the earlier appeals, does not involve doctrines of similar import for public bodies, and does not have compelling exigencies that require invocation of discretionary review in this case. *See Stanback*, 287 N.C. at 453-54, 215 S.E.2d at 34. Lee's appeal is dismissed.

## II.

[2] . Plaintiff filed a motion to dismiss the City of Shelby's appeal of the trial court's denial of its Rule 12(c) motion. In order to succeed on a Rule 12(c) motion, the City of Shelby "must show that no material issue of fact exists and that [it] is clearly entitled to judgment" as a matter of law. *Ragsdale*, 286 N.C. at 137, 209 S.E.2d at 499 (citation

omitted). After reviewing the pleadings, the City of Shelby's Rule 12(c) motion was denied by the trial court. Plaintiff argues that the City of Shelby's motion to dismiss is really a second Rule 12(b)(6) motion captioned as a Rule 12(c) motion. The record does not reflect a ruling on that specific issue at the trial court. Further, there is no contention that plaintiff even sought dismissal of the City of Shelby's Rule 12(c) motion before the trial court on the basis she now asserts, or on any other basis.

Rule 10(b)(1) of the Rules of Appellate Procedure provides in pertinent part that "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(b)(1) (2002). As this is the first time plaintiff has raised this issue, she has failed to preserve this issue for review. *Creasman v. Creasman*, 152 N.C. App. 119, 123, 566 S.E.2d 725, 728 (2002) (citing *Town of Chapel Hill v. Burchette*, 100 N.C. App. 157, 159-60, 394 S.E.2d 698, 700 (1990); N.C.R. App. P. 10(b)(1)). We decline to consider plaintiff's motion to dismiss the City of Shelby's appeal, and address the merits of the appeal.

### III.

**[3]** The City of Shelby argues the trial court erred in denying its Rule 12(c) motion to dismiss. As noted above, in order to succeed on a motion pursuant to Rule 12(c), the movant bears the burden of proving, after viewing the facts and permissible inferences in a light most favorable to the non-movant, that there are no material issues of fact and the non-movant is entitled to judgment as a matter of law. *Ragsdale*, 286 N.C. at 137, 209 S.E.2d at 499. The City of Shelby contends that the public duty doctrine prevents plaintiff from seeking recovery from the city in this case, and it is therefore entitled to judgment as a matter of law. We disagree.

Since the public duty doctrine was announced by our Supreme Court in *Braswell v. Braswell*, 330 N.C. 363, 410 S.E.2d 897 (1991), it has been applied to a variety of situations beyond the one addressed in *Braswell*. *See Moses v. Young*, 149 N.C. App. 613, 616-17, 561 S.E.2d 332, 334-35, *disc. review denied*, 356 N.C. 165, 568 S.E.2d 199 (2002) (cataloguing the applications). However, our Supreme Court, in *Lovelace I*, 351 N.C. at 461, 526 S.E.2d at 654, an earlier appeal in this very case, confined the public duty doctrine for local government to

its original application in *Braswell*. In our Supreme Court's most recent opinion on the public duty doctrine, *Wood v. Guilford Cty.*, the Court reaffirmed this limitation. 355 N.C. 161, 167, 558 S.E.2d 490, 495 (2002) ("Thus, the public duty doctrine, as it applies to local government, is limited to the facts of *Braswell*.") (citation omitted). In *Braswell*, the public duty doctrine was applied to protect the city from suit for failure to provide protection to a specific individual from the criminal acts of another. 330 N.C. at 370-71, 410 S.E.2d at 901-02.

Several opinions of our Court have recognized this limitation on the public duty doctrine, explaining how the decision in *Lovelace I* overruled many past applications of the public duty doctrine. *See, e.g.*, *Willis v. Town of Beaufort*, 143 N.C. App. 106, 109, 544 S.E.2d 600, 603, *disc. review denied*, 354 N.C. 371, 555 S.E.2d 280 (2001) (noting that *Lovelace I* had overruled the previous application of the public duty doctrine to fire protection services); *Hargrove v. Billings & Garrett, Inc.*, 137 N.C. App. 759, 761-62, 529 S.E.2d 693, 695 (2000) (recognizing that the N.C. Supreme Court has recently restricted the application of the public duty doctrine as applied to local government). As our Supreme Court stated in *Lovelace I*, "we have never expanded the public duty doctrine to any local government agencies other than law enforcement departments when they are exercising their general duty to protect the public." 351 N.C. at 461, 526 S.E.2d at 654.

As noted above, in *Lovelace I*, the N.C. Supreme Court has already addressed the applicability of the public duty doctrine to the situation in this case. *Id*. The Court in *Lovelace I* held that the public duty doctrine should not be extended to protect the City of Shelby from the alleged negligence of its 911 operator for allegedly delaying in dispatching fire department services. *Id*. at 461, 526 S.E.2d at 654; *see also Willis*, 143 N.C. App. at 109, 544 S.E.2d at 603. Defendant again has essentially the same claim before our Court. The only difference is that, due to an amendment in the City of Shelby's answer, it is now alleged that the 911 operator was not only an employee of the Shelby Police Department, but was in fact a police officer. The fact that the 911 operator was an employee, and thus an agent of the Shelby Police Department, was part of the record in the *Lovelace I* case. *Block*, 141 N.C. App. at 275, 540 S.E.2d at 417 (noting that the allegations of the non-moving party in a motion to dismiss a case are taken as true) (citation omitted). There is contention between the parties as to whether the Supreme Court, in addressing this case on a

Rule 12(b)(6) motion, knew that the 911 operator was a police officer, and not simply an employee of the Shelby Police Department. However, even assuming the Supreme Court did not know that the 911 operator was an actual police officer, this difference does not allow application of the public duty doctrine as delineated in *Braswell*. 330 N.C. at 370-71, 410 S.E.2d at 901-02. As our Supreme Court stated in *Lovelace I*:

> The general common law rule, known as the public duty doctrine, is that a municipality and its agents act for the benefit of the public, and therefore, there is no liability for the failure to furnish police protection to specific individuals. This rule recognizes the limited resources of law enforcement and refuses to judicially impose an overwhelming burden of liability for failure to prevent every criminal act.

351 N.C. at 460-61, 526 S.E.2d at 654 (quoting *Braswell*, 330 N.C. at 370-71, 410 S.E.2d at 901). Plaintiff's cause of action against the City of Shelby does not allege a failure of the city to furnish police protection to plaintiff or her children. In fact, plaintiff alleges in her complaint that the police department did arrive and join in a rescue attempt, but the fire department did not arrive until more than ten minutes had passed.

Our Supreme Court has not seen the public duty doctrine as blanket protection for local municipalities carrying out all of the activities traditionally undertaken by them. The narrow scope of the public duty doctrine does not increase the burden on local law enforcement and city officials in that their duties are no greater than they have always been. The public duty doctrine is simply meant to provide protection to local law enforcement officials and the municipalities for which they work in a narrow set of circumstances. The trial court's decision denying the City of Shelby's Rule 12(c) motion is affirmed.

In review, we dismiss Lee's appeal as interlocutory. We affirm the order of the trial court denying the City of Shelby's Rule 12(c) motion.

Dismissed in part; affirmed in part.

Judges McCULLOUGH and BRYANT concur.