JERRY T. WHITMIRE, JAMES F. MILLER, III, AND MARK SEARCY, FOR THEMSELVES AND ON BEHALF OF ALL OTHER TAXPAYERS OF THE STATE OF NORTH CAROLINA SIMILARLY SITUATED, AND TRUDI WALEND, A DULY ELECTED REPRESENTATIVE TO THE NORTH CAROLINA HOUSE OF REPRESENTATIVES, PLAINTIFFS V. ROY A. COOPER, ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA; JOSEPH M. HESTER, JR., CAROLINE B. ANSBACHER, JOHN DeFOREST COSTLOW, KAREN CRAGNOLIN, ALLAN HOLT GWYN, JOHN CARTER HOGAN, ALLEN MAYNARD HARDISON, WILLIAM E. HOLLAND, JR., ROBERT DARE HOWARD, ELIZABETH JOHNS, LELAND McKINLEY SIMMONS, C. LEROY SMITH, CHARLES R. WAKILD, CLAUDETTE WESTON, AND AUGUSTUS DREWRY WILLIS, III, INDIVIDUALLY AND AS TRUSTEES OF THE NORTH CAROLINA CLEAN WATER MANAGEMENT TRUST FUND; BILL HOLMAN; THE STATE OF NORTH CAROLINA; THE NORTH CAROLINA DEPARTMENT OF ADMINISTRATION; AND THE NORTH CAROLINA DEPARTMENT OF ENVIRONMENT AND NATURAL RESOURCES, DEFENDANTS

No. COA01-1566

(Filed 5 November 2002)

**1. Collateral Estoppel and Res Judicata— collateral estoppel—disposal of motion to dismiss—not a final judgment on merits**

The trial court's order denying plaintiff landowners' motion to dismiss in the condemnation action did not serve as collateral estoppel in an action by taxpayers alleging that funds from the Clean Water Trust Management Trust Fund were unlawfully used to acquire a tract of land by condemnation because the order entered by the trial court in the condemnation action merely disposed of the landowners' motion to dismiss, and thus, its conclusion that the funds used for the condemnation action were properly authorized by statute and by CWMTF Trustees in the lawful exercise of their duties is not a final judgment on the merits.

**2. Jurisdiction— in rem—Princess Lida doctrine**

The superior court's in rem jurisdiction over the pertinent tract of land divested the trial court of jurisdiction to hear the

case, because: (1) the Princess Lida doctrine requires a court to abstain from exercising jurisdiction if the relief sought would require the court to control a particular property or res over which another court already has jurisdiction; and (2) as the superior court residing over the condemnation action was the first court to exercise in rem jurisdiction and the action has not been concluded thus far, the trial court could not exercise jurisdiction over plaintiff taxpayers' action.

**3. Jurisdiction— subject matter—taxpayers—lack of standing**

The trial court did not err in an action challenging defendants' acquisition via condemnation of a tract of land by dismissing plaintiff taxpayers' complaint with prejudice based on lack of subject matter jurisdiction due to plaintiffs' lack of standing, because: (1) N.C.G.S. § 143-32, which assigns the Attorney General as the proper authority to sue for the recovery of wrongfully expended State funds, provides the explicit and exclusive remedy for the recovery of damages alleged to have occurred as a result of the alleged misuse of State property; and (2) although plaintiffs argue they have complied with the prerequisites to standing by making a demand on the Attorney General that was refused, there are no allegations in the complaint that the Attorney General's refusal to act was wrongful.

Appeal by plaintiffs from order dated 26 October 2001 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 8 October 2002.

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Albert L. Sneed, Jr., for plaintiff appellants.*

*Attorney General Roy Cooper, by Senior Deputy Attorney General James C. Gulick and Special Deputy Attorney General John F. Maddrey for defendant appellees.*

GREENE, Judge.

Plaintiffs appeal an order dated 26 October 2001 dismissing their complaint against the North Carolina Attorney General, the trustees of the North Carolina Clean Water Management Trust Fund (CWMTF), the State of North Carolina, the North Carolina Department of Administration, and the North Carolina Department of Environment and Natural Resources (NCDENR) (collectively Defendants).

On 24 September 2001, Plaintiffs, as taxpayers and citizens of Transylvania and Henderson County, filed their complaint in the Wake County Superior Court (the trial court) alleging Defendants' acquisition via condemnation of a tract of land (the Sterling Tract) lacked statutory authority and constituted an unauthorized expenditure of monies appropriated to the CWMTF. The Sterling Tract is located in Transylvania and Henderson Counties and, upon successful acquisition, was to be included in the Dupont State Forest. In their prayer for relief, Plaintiffs requested the trial court to: (1) declare the CWMTF expenditure to be illegal; (2) order the State, the North Carolina Department of Administration, and NCDENR to divest themselves of the ownership of the Sterling Tract and to recover the illegally expended funds; and (3) allow Plaintiffs to recover on behalf of the State from the CWMTF trustees in their individual and official capacities the sum of $12,500,000.00 for the wrongful expenditure or, in the alternative, by *mandamus* compel the North Carolina Attorney General to recover the same.

Attached to Plaintiffs' complaint was a letter (the request letter) addressed to the Attorney General together with the Attorney General's response thereto. The request letter, sent by Plaintiffs' counsel, raised the issue of the unlawful expenditure of State funds and asked the Attorney General to "proceed to recover these funds and restore them to the [CWMTF]." In his response, the Attorney General stated the following:

> As you are likely aware, the Attorney General provides legal counsel for the [CWMTF] Board of Trustees and the [NCDENR], as well as the Department of Administration and the Council of State. In this capacity we reviewed all legal issues relevant to the acquisition and provided appropriate advice to the involved state entities prior to [the] filing of the condemnation action. We do not believe that any improper diversion of funds has occurred in connection with this litigation.

On 1 October 2001, Defendants filed a motion to dismiss the complaint pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(1) and (6). Some of the grounds for dismissal alleged by Defendants were: (1) Plaintiffs, as mere taxpayers, lacked standing to bring this action; (2) jurisdiction over the subject matter lay in the Henderson County Superior Court (the superior court) presiding over the pending condemnation action with respect to the Sterling Tract; (3) sovereign immunity barred suit against the State and its agencies in this case; (4) the state officials named in the complaint enjoyed qualified immu-

nity; and (5) Plaintiffs failed to state a claim for which relief could be granted. In support .of the motion to dismiss, Defendants, on 1 October 2001, filed with the trial court a certified copy of an order entered by the superior court in the condemnation action in Henderson County. In this order, the superior court denied a motion to dismiss by the landowners affected by the condemnation of the Sterling Tract.[1] The superior court determined the landowners "ha[d] legal standing to challenge the statutory authority, procedure, and funding used by the State" but concluded in pertinent part that "the funds used for the condemnation action were properly authorized by statute and by CWMTF Trustees in the lawful exercise of their duties."[2]

In a motion to join additional parties dated 12 October 2001, Plaintiffs requested the trial court to allow the joinder of the secretary of the Department of Administration, the individual members of the Council of State, and the governor of the State of North Carolina. In an order dated 26 October 2001, the trial court, having reviewed the parties' pleadings and the documents filed in support thereof, granted Defendants' motion to dismiss pursuant to Rules 12(b)(1) and (6). The trial court further noted that "joinder of additional parties would not change or alter the legal effect of [its] ruling" and therefore denied Plaintiffs' motion to join additional parties. All claims set forth in Plaintiffs' complaint were dismissed with prejudice.

---

The issues are whether: (I) the superior court's order denying the landowners' motion to dismiss in the condemnation action serves as collateral estoppel in this case; (II) the superior court's *in rem* jurisdiction over the Sterling Tract divested the trial court of jurisdiction to hear this case; and (III) Plaintiffs have standing to bring this action.

I

*Collateral Estoppel*

[1] Collateral estoppel has traditionally been defined as a doctrine whereby "a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies." *Thomas M. McInnis & Assoc., Inc. v. Hall,*

---

1. The landowners raised several arguments in their motion to dismiss, some of which were similar to those argued by Plaintiffs in this case.

2. The superior court also concluded there was proper statutory authority for the condemnation action and proper condemnation procedures had been followed.

318 N.C. 421, 428, 349 S.E.2d 552, 557 (1986). The doctrine has since been expanded to permit the use of non-mutual collateral estoppel; however, the requirement that there must have been a final judgment on the merits before the doctrine may be applied remains. *See Rymer v. Estate of Sorrells*, 127 N.C. App. 266, 268-69, 488 S.E.2d 838, 840 (1997). The order entered by the superior court in the condemnation action merely disposed of the landowners' motion to dismiss. Thus, its conclusion that "the funds used for the condemnation action were properly authorized by statute and by CWMTF Trustees in the lawful exercise of their duties" is not a final judgment on the merits, and collateral estoppel is not applicable in this case.[3]

## II

### *In Rem Jurisdiction*

**[2]** It has been held that:

> if . . . two suits are *in rem*, or *quasi in rem*, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought, the jurisdiction of the one court must yield to that of the other.

*Princess Lida v. Thompson*, 305 U.S. 456, 466, 83 L. Ed. 285, 291 (1939). This holding, which has become known as the *Princess Lida* doctrine, requires a court to abstain from exercising jurisdiction if "the relief sought would require the court to control a particular property or res over which another court already has jurisdiction." *Al-Abood ex rel. Al-Abood v. El-Shamari*, 217 F.3d 225, 231 (4th Cir. 2000). Although the doctrine is typically applied to concurrent actions in federal and state court, the principle is equally applicable to concurrent *in rem* proceedings within a state.

"Condemnation under the power of eminent domain is a proceeding *in rem*—against the property." *Redevelopment Comm'n v. Hagins*, 258 N.C. 220, 225, 128 S.E.2d 391, 395 (1962). A taxpayers' action is also considered an *in rem* proceeding. 74 Am. Jur. 2d *Taxpayers' Actions* § 4 (2001); *Home Const. Co. v. Duncan*, 24 Ky. L. Rptr. 94, 68 S.W. 15 (1902). In this case, there are thus two *in rem* proceedings involving the same *res*: the Sterling Tract. As the superior court residing over the condemnation action was the first court to

---

3. While, after the denial of their motion to dismiss, the landowners chose to apply for disbursement of the deposited funds in the condemnation action, this does not change the nature of the superior court's order.

exercise *in rem* jurisdiction and the action has not been concluded thus far,[4] the trial court could not exercise jurisdiction over Plaintiffs' taxpayers' action. Accordingly, the trial court properly dismissed the action. Dismissals pursuant to the *Princess Lida* doctrine, however, must be without prejudice. *See U.S. v. $490,920 in U.S. Currency,* 911 F. Supp. 720, 732 (S.D.N.Y. 1996); *Silberman v. Worden,* 1988 WL 96537 (N.D.Ill. 1988). In this case, the trial court dismissed the complaint with prejudice. We must therefore determine whether there exist other grounds warranting the trial court's dismissal of Plaintiffs' action with prejudice.

## III

### *Standing*

**[3]** In their complaint, Plaintiffs sought to recover on behalf of the State, by sale of the Sterling Tract, the expended CWMTF funds or, in the alternative, to compel the North Carolina Attorney General by *mandamus* to recover the same.

In *Flaherty v. Hunt,* this Court held that N.C. Gen. Stat. § 143-32, which assigns the Attorney General as the proper authority to sue for the recovery of wrongfully expended State funds, "provides the explicit and exclusive remedy for the recovery of damages alleged to have occurred as a result of the alleged misuse of State [property]." *Flaherty v. Hunt,* 82 N.C. App. 112, 116-17, 345 S.E.2d 426, 429 (1986); *see* N.C.G.S. § 143-32 (2001). This Court therefore concluded the taxpayer plaintiffs lacked standing to bring their damages action. This Court, however, noted that it was not addressing whether the plaintiffs had any remedies "with respect to seeking or obtaining action by the Attorney General concerning the matters asserted by [the] plaintiffs in their complaint." *Flaherty,* 82 N.C. App. at 117, 345 S.E.2d at 429.

In this case, Plaintiffs by themselves thus lack standing,[5] leaving this Court to determine whether they possess standing on behalf of the State to bring this action. Plaintiffs argue in their brief to this Court that if taxpayers are not allowed to sue on behalf of the

---

4. We take judicial notice of the fact that the condemnation action has not been fully resolved at this time. *State v. Thompson,* 349 N.C. 483, 497, 508 S.E.2d 277, 286 (1998) ("[t]his Court may take judicial notice of the public records of other courts within the state judicial system").

5. "Standing concerns the trial court's subject matter jurisdiction and is therefore properly challenged by a Rule 12(b)(1) motion to dismiss." *Fuller v. Easley,* 145 N.C. App. 391, 395, 553 S.E.2d 43, 46 (2001).

State, the Attorney General, having previously refused to act under section 143-32, will be "beyond the reach of the Courts" and taxpayers will be without a remedy if the money has already been expended.[6] We agree.

This Court has held that a plaintiff may have "standing to bring a taxpayer action, not as an individual taxpayer, but on behalf of a public agency or political subdivision," *Fuller*, 145 N.C. App. at 395, 553 S.E.2d at 46, if "the proper authorities have . . . wrongfully neglected or refused to act," *Branch v. Bd. of Educ.*, 233 N.C. 623, 625, 65 S.E.2d 124, 126 (1951). The taxpayer must therefore allege that: (1) he is a taxpayer of the public agency or political subdivision, *Fuller*, 145 N.C. App. at 395, 553 S.E.2d at 47; (2) there has been both a demand on and refusal by the proper authorities to institute proceedings, *id.*; and (3) the refusal to act was wrongful, *Branch*, 233 N.C. at 625, 65 S.E.2d at 126.

In this case, Plaintiffs argue they have complied with these prerequisites to standing as they made a demand on the Attorney General that was refused. There is, however, no allegation in the complaint that the Attorney General's refusal to act was wrongful. Indeed, the response to the request letter explained that upon review of "all legal issues relevant to the acquisition" of the Sterling Tract, the Attorney General did "not believe that any improper diversion of funds ha[d] occurred." This response in no way suggests that the Attorney General was derelict in his duties, and without such an allegation, Plaintiffs do not have standing to sue on behalf of the State and to compel the Attorney General to act. Accordingly, because Plaintiffs lacked standing to bring this action, the trial court was without subject matter jurisdiction to hear this case and thus properly dismissed the complaint with prejudice.[7]

Affirmed.

Judges WYNN and McGEE concur.

---

6. If the funds have not yet been expended, taxpayers may bring suit to enjoin the future expenditure. *See Flaherty*, 82 N.C. App. at 114, 345 S.E.2d at 428.

7. Plaintiffs also argue the trial court erred in denying their motion to join additional parties. As this issue is not determinative to our holding, we do not address it.