HOWARD H. LISK, SR., Plaintiff,
v.
HOWARD H. LISK, JR., BRUCE DANIEL LISK, JERRY LEWIS LISK, AND LISK TRUCKING, INC. Defendants and Third Party Plaintiffs,
v.
MYRTLE ARLENE LISK, Third Party Defendant.
No. COA07-661
Court of Appeals of North Carolina
Filed August 5, 2008
This case not for publication
Perry, Bundy, Plyler & Long, LLP, by H. Ligon Bundy and Melanie D. Cox, for plaintiffs-appellants.
Tucker & Singletary, PA, by William C. Tucker, for defendant-appellee.
STEELMAN, Judge.
Where the Superior Court did not abuse its discretion in yielding jurisdiction to the District Court, the dismissal of appellants' case in Superior Court is affirmed.

I. Factual and Procedural Background
Howard H. Lisk, Jr., Jerry Lewis Lisk, and Bruce Daniel Lisk (the "Lisk sons") are the sons of Howard H. Lisk, Sr. (Mr. Lisk) and his first wife. Lisk Trucking, Inc. (Lisk Trucking) is a North Carolina corporation owned by Mr. Lisk and the Lisk sons. On 11 May 1992, Mr. Lisk married his second wife, Myrtle Arlene Lisk (Ms. Lisk) . On 18 December 1992, the shareholders of Lisk Trucking signed a Stock Purchase Agreement which restricted the rights of the shareholders to transfer or dispose of stock. The agreement provided that no shareholder could dispose of any shares of stock in Lisk Trucking without the consent of the corporation or other shareholders, and without offering to sell the stock to the other shareholders. On 9 July 1999, the shareholders signed an amendment to the agreement which stated that if any shareholder's spouse commenced a domestic proceeding against any shareholder, the shareholder would immediately offer to sell his shares of stock in Lisk Trucking to the corporation.
Mr. Lisk made gifts of shares of stock in Lisk Trucking to the Lisk sons from 1992 to 1999 . After the gifts of stock to his sons in August 1999, Mr. Lisk retained 87.5 shares, representing a 25% ownership interest in the corporation. In February 2001, Mr. Lisk transferred his remaining stock in Lisk Trucking to the Lisk sons.
On 15 April 2002, Mr. Lisk filed federal and North Carolina state gift tax returns for the 2001 gifts of stock to his sons.
On 5 April 2004, Mr. Lisk filed suit in Anson County Superior Court against the Lisk sons and Lisk Trucking. The complaint alleged that the 2001 gift of stock in Lisk Trucking to the Lisk sons was fraudulently induced and sought to recover the stock.
In September 2004, Mr. and Ms. Lisk separated. On 22 October 2004, Ms. Lisk filed a complaint in Stanly County District Court against Mr. Lisk, the Lisk sons, and Lisk Trucking. On 12 November 2004, Ms. Lisk filed an amended complaint, seeking equitable distribution of marital property, as well as the imposition of an equitable trust on the shares of the stock which were transferred to the Lisk sons in 2001.
On 9 June 2005, the Lisk sons and Lisk Trucking filed a Motion for Joinder of Necessary Party in the Anson County action, alleging that the action in Anson County and the action pending in Stanly County involved a common question of law and fact as to the ownership of the Lisk Trucking stock. On 20 July 2005, the motion was granted, and on 12 August 2005, the Lisk sons and Lisk Trucking filed a third party complaint against Ms. Lisk. On 2 November 2005, Ms. Lisk moved to dismiss the third party complaint for lack of subject matter jurisdiction, alleging that the claims for relief against the Lisk sons and Lisk Trucking were in the nature of equitable distribution of marital and divisible property, and that the Stanly County District Court was the proper forum to hear the claims under N.C. Gen. Stat. § 50-20, et seq. Ms. Lisk also filed an Answer, Defenses, and Counterclaim/Crossclaim to the third party complaint, asserting a claim that a constructive trust be imposed upon the shares of Lisk Trucking transferred by Mr. Lisk in 2001. On 27 December 2006, the Lisk sons and Lisk Trucking filed a motion for summary judgment, seeking dismissal of Ms. Lisk's counterclaim or in the alternative that any trust be limited to the 87.5 shares of stock transferred in 2001. On 16 January 2007, Ms. Lisk filed a Motion to Sever Claims for Trial pursuant to Rule 42(b) of the Rules of Civil Procedure. Judge Beale denied the Lisk sons' and Lisk Trucking's motion for summary judgment on 23 January 2007. On 18 January 2007, Mr. Lisk, the Lisk sons, and Lisk Trucking filed a stipulation of dismissal with prejudice as to all claims pending between them in Anson County Superior Court. On 23 January 2007, the Lisk sons and Lisk Trucking filed a motion for leave to amend their third party complaint against Ms. Lisk . On 8 March 2007, Ms. Lisk's motion to dismiss the third party complaint was granted by Judge Beale based upon lack of subject matter jurisdiction. The Lisk sons and Lisk Trucking appeal.

II. Dismissal of Third-Party Complaint
In their sole argument on appeal, the Lisk sons and Lisk Trucking (hereinafter "appellants") contend that the trial court erred in dismissing their third party complaint against Ms. Lisk. We disagree.
Appellate review of an order granting a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is de novo. Fuller v. Easley, 145 N.C. App. 391, 395, 553 S.E.2d 43, 46 (2001) (citation omitted).
Appellants argue that the Anson County Superior Court erred when it dismissed their case for lack of subject matter jurisdiction because it acquired in rem jurisdiction over the Lisk Trucking stock before Ms. Lisk filed her claim in Stanly County District Court for equitable distribution.
The Superior Court of Anson County is a court of general jurisdiction. N.C. Const., Art. IV, §§ 1, 2, 12. N.C. Gen. Stat. § 1-75.8 (2007) sets forth the grounds for in rem or quasi in rem jurisdiction, and provides that a court may exercise such jurisdiction "[w]hen the subject of the action is real or personal property in this State and the defendant has or claims any lien or interest therein, or the relief demanded consists wholly or partially in excluding the defendant from any interest or lien therein. . . ." Id. The exercise of jurisdiction in rem or quasi in rem is a matter for the discretion of the trial court. Balcon, Inc. v. Sadler, 36 N.C. App. 322, 324-25, 244 S.E.2d 164, 166 (1978) ("The opening sentence of G.S. 1-75.8 is as follows: `A court of this State having jurisdiction of the subject matter may exercise jurisdiction in rem or quasi in rem on the grounds stated in this section. . . .'"). Where a ruling of a trial court is discretionary, the court "may be reversed for abuse of discretion only upon a showing that its actions are `manifestly unsupported by reason.'" Davis v. Davis, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006) (citations omitted).
Appellants cite Whitmire v. Cooper, 153 N.C. App. 730, 570 S.E.2d 908 (2002), in support of their argument that the Superior Court was required to retain jurisdiction over the fraud and constructive trust issues. InWhitmire, a condemnation action of a piece of property was filed in Henderson County Superior Court. Prior to the conclusion of that action, a group of taxpayers filed a separate action involving the same piece of property in Wake County Superior Court. This Court held that the Wake County Superior Court properly dismissed the taxpayers' action, citing the Princess Lida doctrine, which requires a court to "abstain from exercising jurisdiction if `the relief sought would require the court to control a particular property or res over which another court already has jurisdiction.'" Id. at 734, 570 S.E.2d at 911 (quotation omitted).
Although appellants correctly cite the rule from Whitmire, the facts of the instant case are distinguishable from those in Whitmire. Unlike in Whitmire, the Superior Court in this case dismissed appellants' complaint. The Whitmire decision does not mandate that the first court to acquirein rem jurisdiction retain that jurisdiction, but instead establishes that, if two courts are competing for jurisdiction in an in rem action, the second court must yield to the jurisdiction of the first court. In the instant case, once the Superior Court dismissed appellants' complaint, there were not "concurrent in rem proceedings," and the Princess Lida doctrine was inapplicable. See Whitmire at 734-35, 570 S.E.2d at 911 ("As the superior court residing over the condemnation action was the first court to exercisein rem jurisdiction and the action has not been concluded thus far, the trial court could not exercise jurisdiction over Plaintiffs' taxpayers' action." (Emphasis added)). Thus, it was proper for the District Court of Stanly County to exercise jurisdiction over this matter. We find no authority, and appellants cite none, that suggests it was an abuse of discretion for the Superior Court to yield its jurisdiction to that of the District Court.
Appellants argue that they "will be deprived of a jury trial on the constructive trust issue in Anson County Superior Court" and that such deprivation constitutes a substantial right. However, in Sharp v. Sharp, 351 N.C. 37, 519 S.E.2d 523 (1999), the North Carolina Supreme Court addressed the issue of a trial by jury on the question of an equitable trust in the context of an equitable distribution action. The Court adopted the dissenting opinion of Court of Appeals Judge Timmons-Goodson, which stated in part:
[T]he issue of constructive trust is not a cause of action which is to be severed from other actions, but rather is a request for equitable relief within the equitable distribution action itself. As such, all issues pertaining to the constructive trust are questions of fact arising in a proceeding for equitable distribution of marital assets, and thus, there is no constitutional right to trial by jury.
Sharp v. Sharp, 133 N.C. App. 125, 131, 514 S.E.2d 312, 316 (1999) (internal citations and quotations omitted). Thus, Sharp makes clear that appellants are not deprived of a "substantial right" by having to litigate this issue before a District Court judge.
This argument is without merit.
AFFIRMED.
Chief Judge MARTIN and Judge STEPHENS concur.
Report per Rule 30(e).