STATE OF NORTH CAROLINA v. BOBBY E. BOWDEN

No. COA08-372

(Filed 4 November 2008)

**Sentencing— prior definition of life sentence—80 years for all purposes**

N.C.G.S. § 14-2 (1974) requires that defendant's 1975 life sentences be considered as an 80-year sentence for all purposes, and the matter was remanded for a hearing to determine the sentence reduction credits for which defendant is eligible and how those credits are to be applied. Although the State argued that the statute is ambiguous and that a life sentence cannot be defined in terms of years, judicial notice of a statement in a State's brief from 1978 disposes of the issue; moreover, the plain language of the statute states that life imprisonment shall be for 80 years. Had the legislature intended that the statute apply only when determining parole eligibility, it could have stated that intent explicitly.

Appeal by defendant from order entered 27 August 2007 by Judge Gary L. Locklear in Cumberland County Superior Court. Heard in the Court of Appeals 25 September 2008.

*Attorney General Roy Cooper, by Assistant Attorney General Elizabeth F. Parsons, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Katherine Jane Allen, for defendant appellant.*

McCULLOUGH, Judge.

Defendant Bobby E. Bowden appeals from an order denying his motion for appropriate relief. For the reasons stated herein, we reverse and remand for further proceedings.

## I. Background

On 20 December 1975, defendant Bobby E. Bowden was convicted of two counts of first-degree murder in Cumberland County Superior Court and later sentenced to death. On 5 October 1976, our Supreme Court vacated defendant's death sentences and remanded so that life sentences could be imposed. *State v. Bowden,* 290 N.C. 702, 717, 228 S.E.2d 414, 424 (1976). On 26 October 1975, defendant

was given two life sentences, which are presumed to run concurrently. *See Jernigan v. State*, 279 N.C. 556, 563, 184 S.E.2d 259, 265 (1971) (stating that sentences imposed in the same jurisdiction and to be served at the same place or prison are presumed to run concurrently). Defendant has been in the custody of the Department of Correction since 20 December 1975. Defendant became eligible for parole in 1987, and has since received annual parole reviews.

On 12 December 2005, defendant filed a Petition for the Issuance of a Writ of *Habeas Corpus ad Subjiciendum*, arguing that after applying all of his sentence reduction credits, he had completed his 80-year sentence and, therefore, was entitled to immediate release. When defendant committed the offenses, N.C. Gen. Stat. § 14-2 (1974) provided that a life sentence should be considered as imprisonment for 80 years. *Id.* Defendant contended that he should have received good time and good conduct credit required by the 1981 Retroactive Provision of the Fair Sentencing Act, which would cut his sentence in half, reducing his 80-year sentence to 40 years. Defendant also asserted that he had accumulated 210 days of good conduct credit, 753 days of meritorious credit, and 1,537 days of gain time credit. On 25 January 2006, the trial court denied his petition.

Defendant appealed to our Court and we treated the matter as a motion for appropriate relief. We vacated the trial court's order and remanded the matter, ordering the trial court to conduct "an evidentiary hearing pursuant to N.C. Gen. Stat. § 15A-1420" to resolve issues of fact raised in defendant's petition.

The trial court conducted an evidentiary hearing on 27 August 2007, during which defendant provided detailed records from the Department of Correction regarding his sentence reduction credits. Initially, the Department of Correction's records indicated that all of defendant's good conduct time, merit time, and gain time credits had been applied to his sentence. However, for reasons unclear to this Court, the Department of Correction later retroactively changed the status of defendant's sentence reduction credits from "applied" to "pending."

The trial court issued an order on 27 August 2007, denying defendant's claim for relief. In its order, it concluded that N.C. Gen. Stat. § 14-2 (1974) only requires the Department of Correction to treat defendant's life sentence as a term of 80 years for purposes of parole eligibility. From this order, defendant appeals.

## II. Issues

This Court reviews a trial court's conclusions of law on a motion for appropriate relief *de novo. State v. Wilkins*, 131 N.C. App. 220, 223, 506 S.E.2d 274, 276 (1998) (citation omitted). Defendant contends that the trial court erred by denying his motion for appropriate relief. Specifically, defendant argues that N.C. Gen. Stat. § 14-2 (1974) grants him a statutory right to have his life sentence treated as an 80-year sentence for all purposes, including the determination of his unconditional release date. We agree and reverse and remand.

## III. Discussion

At the time defendant committed the offenses, N.C. Gen. Stat. § 14-2 provided the following:

> Every person who shall be convicted of any felony for which no specific punishment is prescribed by statute shall be punished by fine, by imprisonment for a term not exceeding 10 years, or by both, in the discretion of the court. *A sentence of life imprisonment shall be considered as a sentence of imprisonment for a term of 80 years in the State's prison.*

N.C. Gen. Stat. § 14-2 (1974) (emphasis added). The State argues that N.C. Gen. Stat. § 14-2 (1974) does not govern the length of defendant's sentence in prison, but applies only when determining his eligibility for parole. Defendant asserts that the statute requires his life sentence to be considered as a sentence of 80 years for all purposes, and therefore, the Retroactive Provision of the Fair Sentencing Act reduces his sentence to 40 years.[1]

The State asserts that the statute is ambiguous. It argues that a life sentence cannot be defined in terms of years because when a person is sentenced to life, he or she is imprisoned for the term of his natural life. Furthermore, the State contends that N.C. Gen. Stat. § 14-2 should not be read alone, but must be interpreted in conjunction with N.C. Gen. Stat. § 148-58 (1974), which provides as follows:

> All prisoners shall be eligible to have their cases considered for parole when they have served a fourth of their sentence, if their

---

1. The applicable portion of this statute defining a life sentence as a term of 80 years became effective in 1974 and was repealed in 1977 and is only applicable for offenses committed between 8 April 1974 and 30 June 1978. N.C. Gen. Stat. § 15A-2002 (2007) currently provides that "a sentence of life imprisonment means a sentence of life without parole."

sentence is determinate, and a fourth of their minimum sentence, if their sentence is indeterminate; provided, that *any prisoner serving sentence for life shall be eligible for such consideration when he has served 20 years of his sentence.* Nothing in this section shall be construed as making mandatory the release of any prisoner on parole, but shall be construed as only guaranteeing to every prisoner a review and consideration of his case upon its merits.

*Id.* (emphasis added). Defendant claims that since there was no way to calculate a fourth of a life sentence, N.C. Gen. Stat. § 14-2 (1974) defined life as a term of 80 years so that prisoners with life sentences would be eligible for parole after 20 years.

Defendant asks our Court to take judicial notice of a statement contained in the State's brief in *State v. Richardson,* 295 N.C. 309, 245 S.E.2d 754 (1978), and we grant defendant's request. An appellate court may take judicial notice of the public records of other courts within the state judicial system. *Whitmire v. Cooper,* 153 N.C. App. 730, 735. n.4, 570 S.E.2d 908, 911 n.4 (2002), *disc. review denied, appeal dismissed,* 356 N.C. 696, 579 S.E.2d 104 (2003). Accordingly, we take judicial notice of the following sentence: "The State agrees with the defendant that credit is now provided to those serving a life sentence since N.C.G.S. § 14-2 makes a life sentence equivalent to 80 years." Here, the State concedes to what defendant is currently arguing. Our judicial notice of this sentence is dispositive to the issue of whether defendant's life sentence is equivalent to 80 years for purposes other than parole eligibility.

Even without our judicial notice of the statement above, we still hold that N.C. Gen. Stat. § 14-2 (1974) treats defendant's life sentence as an 80-year sentence for all purposes. Our Supreme Court has previously considered a life sentence to be equivalent to 80 years, pursuant to N.C. Gen. Stat. § 14-2 (1974), for purposes other than parole eligibility. *See State v. Williams,* 295 N.C. 655, 679, 249 S.E.2d 709, 725 (1978); *see also Richardson,* 295 N.C. at 318-19, 245 S.E.2d at 760-61. In *Richardson,* our Supreme Court considered the defendant's life sentence to be the equivalent of 80 years for purposes of determining his pretrial incarceration credit. *Id.* In *Williams,* our Supreme Court decided that each of the defendant's life sentences was equal to 80 years for purposes of adding his consecutive sentences and determining his total sentence of 300 years. *Williams,* 295 N.C. at 679-80, 249 S.E.2d at 725.

**STATE v. BOWDEN**

[193 N.C. App. 597 (2008)]

We do not read this statute to be ambiguous nor do we find that it must be read in conjunction with N.C. Gen. Stat. § 148-58 (1974). The plain language of the statute states that life imprisonment shall be considered as a sentence of imprisonment for a term of 80 years in the State's prison without any limitation or restriction. We are not permitted to interpolate or superimpose provisions or limitations which are not contained in the text of the statute. *Sonopress, Inc. v. Town of Weaverville*, 139 N.C. App. 378, 383, 533 S.E.2d 537, 539 (2000). Had our Legislature intended that N.C. Gen. Stat. § 14-2 (1974) only apply when determining a prisoner's parole eligibility, it would have been a simple matter to have included that explicit phrase. *See In re Appeal of Bass Income Fund*, 115 N.C. App. 703, 706, 446 S.E.2d 594, 596 (1994).

Contrary to the State's assertion, N.C. Gen. Stat. § 14-2 (1974) does not give the Department of Correction authority to commute all life sentences to 80 years. Instead, the Legislature merely defines the term of life imprisonment, which it has the authority to do. Our Legislature is granted the power and the authority to define crimes and set punishment for those crimes. *Jernigan*, 279 N.C. at 564, 184 S.E.2d at 265 (stating that the Legislature has exclusive power to determine the State's penological system and prescribe punishments for crime). In light of our decision to remand, it is unnecessary to address the remaining issues briefed on appeal.

### IV. Conclusion

We hold that N.C. Gen. Stat. § 14-2 (1974) requires that defendant's life sentence is considered as an 80-year sentence for all purposes. We reverse the trial court's order and remand for a hearing to determine how many sentence reduction credits defendant is eligible to receive and how those credits are to be applied.

Reversed and Remanded.

Judges TYSON and CALABRIA concur.