NEWBY, Justice.
In this case we determine whether the various credits defendant Bobby E. Bowden has accumulated during his incarceration must be applied to reduce his sentence of life imprisonment, thereby entitling him to immediate and unconditional release. Our previous holdings regarding the particular class of inmates that includes defendant *681 mandate the conclusion that defendant remains lawfully incarcerated. Accordingly, we reverse the decision of the Court of Appeals.
On 20 December 1975, defendant was convicted of two counts of first-degree murder and one count of armed robbery in Superior Court, Cumberland- County, and was later sentenced to death. On direct appeal in 1976, this Court vacated defendant’s death sentence and remanded the case with directives to impose life sentences for the two counts of first-degree murder, in accord with Woodson v. North Carolina, 428 U.S. 280, 96 S. Ct. 2978, 49 L. Ed. 2d 944 (1976). State v. Bowden, 290 N.C. 702, 717, 228 S.E.2d 414, 424 (1976) (“Bowden I ”). Upon remand of this case to the trial court, defendant received two life sentences to run concurrently.
Notably, defendant is one of a limited group of prisoners, referred to herein as the Bowden-class inmates, who committed offenses between 8 April 1974 and 30 June 1978 and received death sentences that were later reduced to life imprisonment. The version of section 14-2 of the North Carolina General Statutes in effect during that time period stated that “[a] sentence of life imprisonment shall be considered as a sentence of imprisonment for a term of 80 years in the State’s prison.” N.C.G.S. § 14-2 (Supp. 1974). Defendant has accrued various credits while incarcerated, including good time, gain time, and merit time. For Bowden-class inmates serving a life sentence, the Department of Correction (“DOC”)[1] has applied these credits towards privileges like obtaining a lower custody grade or earlier parole eligibility, but not towards the calculation of an unconditional release date. Lovette v. N.C. Dep’t of Corr., 366 N.C. 471, 737 S.E.2d 737 (per curiam), cert. denied,_U.S._, 134 S. Ct. 394, 187 L. Ed. 2d 168 (2013); Jones v. Keller, 364 N.C. 249, 254, 698 S.E.2d 49, 54 (2010), cert. denied,_U.S._, 131 S. Ct. 2150, 179 L. Ed. 2d 935 (2011). The DOC applied some of defendant’s credits towards earlier parole eligibility. The Parole Commission has periodically reviewed defendant’s parole eligibility according to law since 1987 and denied defendant parole after each review. In December 2005 defendant filed a petition for writ of habeas corpus ad subjiciendum, claiming he was entitled to immediate release from prison because, after applying all his various credits, he had completed his eighty-year life sentence. The trial court denied defendant’s petition by an order dated 25 January 2006.
*682 Defendant petitioned the Court of Appeals for review. Treating defendant’s petition for writ of certiorari as a motion for appropriate relief, the Court of Appeals vacated the 25 January 2006 order and remanded the matter for an evidentiary hearing under N.C.G.S. § 15A-1420. Following that hearing, the trial court entered an order on 27 August 2007 once again denying defendant’s claim for relief.
Defendant appealed the denial of his motion for appropriate relief. The Court of Appeals held that N.C.G.S. § 14-2 (1974) regards defendant’s life sentence as an eighty-year sentence “for all purposes” “without any limitation or restriction.” State v. Bowden, 193 N.C. App. 597, 600-01, 668 S.E.2d 107, 109-10 (2008) (“Bowden II”), disc. rev. improvidently allowed per curiam, 363 N.C. 621, 683 S.E.2d 208 (2009). The Court of Appeals reversed the trial court’s order and remanded “for a hearing to determine how many sentence reduction credits defendant is eligible to receive and how those credits are to be applied.” Id. at 601, 668 S.E.2d at 110.
In response to this decision, the DOC calculated projected release dates for Bowden and all other affected inmates and informed those inmates accordingly. Nonetheless, in subsequent litigation involving other Bowden-class inmates, the DOC maintained and successfully defended its position that credits had not been and should not be applied towards the unconditional release of Bowden-class inmates. Lovette, 366 N.C. at 472, 737 S.E.2d at 737; Jones, 364 N.C. at 260, 698 S.E.2d at 58; accord Brown v. N.C. Dep’t of Corr., 364 N.C. 319, 320, 697 S.E.2d 327 (2010) (per curiam).
In this case, upon remand from the Court of Appeals, the trial court held a hearing and entered an order on 8 May 2012, concluding that defendant had a liberty interest in good time, gain time, and merit time credits that he earned between 1975 and October 2009. The trial court ruled that all of defendant’s credits should be applied to his sentence for all purposes, including calculating an unconditional release date. Further, the trial court concluded that the DOC’s refusal to apply defendant’s credits in this way violated his rights under both the Due Process Clause and the Ex Post Facto Clause of the United States Constitution. Upon applying all of defendant’s credits to his eighty-year life sentence, the trial court determined that defendant had served his entire sentence, that his unconditional release date was 13 October 2009, and that he should have been released on 29 October 2009. The trial court ordered the DOC to release defendant unconditionally by 11 May 2012, but stayed its order the following day pending final appellate review.
*683 On appeal the Court of Appeals affirmed the trial court. State v. Bowden,_N.C. App._,_, 747 S.E.2d 617, 630 (2013). The Court of Appeals noted, inter alia, that the DOC applied credits towards the calculation of defendant’s unconditional release date following its decision in Bowden II in 2008 and this Court’s silence on the merits of that case in 2009. Id. at_, 747 S.E.2d at 619. To support its determination, the Court of Appeals pointed to the presence of the word “applied” in defendant’s computerized credit records and informal internal discussions among DOC employees following Bowden II. Id. at_, 747 S.E.2d at 621-22. The trial court and the Court of Appeals contended this evidence rendered our previous decision in Jones, regarding an otherwise indistinguishable defendant, inapplicable. Id. at_, 747 S.E.2d at 621.
The State sought review in this Court via a petition for writ of certiorari, which we allowed to decide whether our decision in Jones controls the outcome of this case. State v. Bowden, 367 N.C. 267, 267, 749 S.E.2d 847, 848 (2013). Defendant argues, as did the defendant in Jones, that when his various credits are applied to his statutorily defined eighty-year life sentence, he is entitled to immediate and unconditional release. See Jones, 364 N.C. at 252, 698 S.E.2d at 52-53. Again like the defendant in Jones, defendant contends the DOC’s refusal to apply his credits in this way infringes on his due process protected liberty interests and subjects him to an unconstitutional ex post facto law. Id. at 256, 698 S.E.2d at 55.
In all significant ways, the issues presented by this case are indistinguishable from those resolved by our decision in Jones. In Jones the trial court ruled that Alford Jones, a Bowden-class defendant who was convicted of first-degree murder and whose death sentence was subsequently reduced to life imprisonment, was entitled to receive credits for all purposes and to have those credits applied towards his unconditional release. Id. at 251, 698 S.E.2d at 52. Jones also argued that after Bowden II, the DOC applied his credits in calculating an unconditional release date of which he was informed. This Court rejected that reasoning and concluded that the DOC possessed “statutorily and constitutionally permissible authority” to apply Jones’s credits “for limited purposes that did not include calculating an unconditional release date.” Id. at 252, 698 S.E.2d at 53.
Though we noted that the DOC does not have unfettered discretion, we recognized that the General Assembly has delegated certain authority to the DOC to govern prisoners and administer criminal *684 sentences. Id. at 252-53, 698 S.E.2d at 53; see N.C.G.S. § 148-11 (1974) (“The Commissioner [of Correction] shall propose rules and regulations for the government of the State prison system, which shall become effective when approved by the Commission of Correction.”); id. § 148-11 (2013) (“The Secretary shall adopt rules for the government of the State prison system.”); see also id. § 148-4 (1974) (“The Commissioner of Correction shall have control and custody of all prisoners serving sentence in the State prison system, and such prisoners shall be subject to all the rules and regulations legally adopted for the government thereof.”); id. § 148-4 (2013) (same with exception of substituting the Secretary of Public Safety for the Commissioner of Correction); id. § 148-13 (1974) (stating that the Department’s regulations include provisions governing “rewards and privileges applicable to the several classifications of prisoners as an inducement to good conduct [and] allowances of time for good behavior.”); id. § 148-13 (2013) (authorizing the Secretary of Public Safety to “issue regulations regarding . . . the privileges and restrictions applicable to each custody grade”). The application of credits earned during incarceration falls under the “strictly administrative” discretion allotted to the DOC and remains “outside the purview of the courts.” Jones, 364 N.C. at 255, 698 S.E.2d at 55 (citation and quotation marks omitted). Recognizing this statutory delegation of administrative discretion, this Court in Jones deferred to the DOC’s policies for governing prisoners so long as those policies remained within constitutional bounds. Id. at 256-57, 698 S.E.2d at 55-56. We noted that the DOC had never applied these credits towards the calculation of an unconditional release date for a Bowden-class inmate. Id. at 254-55, 698 S.E.2d at 54-55.
The DOC’s exercise of authority in Jones did not exceed constitutional limits despite the defendant’s claims that, inter alia, the DOC’s actions violated his due process rights and subjected him to an unconstitutional ex post facto law. Id. at 256, 698 S.E.2d at 55. This Court concluded that a prisoner’s de minimis liberty interest in having his various credits applied towards his desired purpose of unconditional release must be balanced against the State’s corresponding and compelling interest in public safety. Id. at 256-58, 698 S.E.2d at 55-56. As such, the DOC may apply those credits for limited purposes, such as earlier parole eligibility, but decline to reduce the remaining sentence. Id. at 254-55, 257, 698 S.E.2d at 54, 56. Ultimately, we determined that because he had “no State-created right to have his time credits used to calculate his eligibility for unconditional release [,] *685 Jones’s due process rights ha[d] not been violated.” Id. at 257, 698 S.E.2d at 56. Likewise, the DOC’s policy to refuse to apply these credits towards calculating an unconditional release date for a Bowden-class inmate serving a life sentence did not constitute an ex post facto violation. Id. at 259, 698 S.E.2d at 57.
In Jones we thoroughly reviewed and rejected the same arguments advanced by defendant here — that a Bowden-class inmate serving a life sentence is entitled to have his credits applied for all purposes, including immediate and unconditional release. We have since extended our holding in Jones to other Bowden-class defendants to deny them the application of credits towards an unconditional release date. Lovette, 366 N.C. at 472, 737 S.E.2d at 737 (holding that Bowden-class inmates convicted of second-degree murder and second-degree burglary were not entitled to have their credits applied towards calculating an unconditional release date); Brown, 364 N.C. at 320, 697 S.E.2d at 327 (holding that a Bowden-class inmate convicted of first-degree felony murder was not entitled to have her credits applied towards calculating an unconditional release date). In erroneously distinguishing Jones from the case at hand, the trial court and the Court of Appeals placed great emphasis on the DOC’s attempt to interpret and implement the Court of Appeals’ ruling in Bowden II by calculating a proposed release date. But defendant has no State-created right to his unconditional release based on an agency’s good faith interpretation of, and actions taken to comply with, a ruling that is later found to be contrary to law. The DOC is charged with ensuring public safety and facilitating the orderly release and supervision of criminal defendants, some of whom have been convicted of the most heinous crimes. We must not force the DOC to reverse its longstanding policies in response to lower court directives that prove inconsistent with those ultimately determined by this Court. To decide otherwise would undermine the State’s ability to react to court decisions while still seeking further judicial review.
Defendant here, like Jones, is a member of the Bowden class of inmates who are all serving life sentences. The nature and severity of the offenses warranting a life sentence remains the same, and the DOC retains the same implicit discretion in governing these inmates. Moreover, the DOC bears the same significant responsibility to ensure the release and subsequent supervision of only those prisoners who are prepared to return safely to society. Because defendant’s status is indistinguishable from that of the defendant in Jones, he must be treated equally under the law. The DOC has never applied *686 these credits towards the calculation of an unconditional release date for a Bowden-class inmate. Therefore, we hold that defendant, like Jones, remains lawfully incarcerated and is not entitled to release. The decision of the Court of Appeals affirming the trial court’s order to the contrary is reversed.
REVERSED.
Justice HUNTER did not participate in the consideration or decision of this case.

. Effective January 2012, the DOC was renamed the Department of Public Safety. Act of June 4, 2011, ch. 145, sec. 19.1.(a), 2011 N.C. Sess. Laws 253, 535 (“Current Operations and Capital Improvements Appropriations Act of 2011”).